# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROGER HIGGINBOTTOM, ROBIN HIGGINBOTTOM,**

        **Plaintiffs,**

**-vs-**                        **Case No. 6:08-cv-108-Orl-28DAB**

**TRIAD FINANCIAL CORPORATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:**    **January 23, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **dismissed, as improvidently removed**.

    The papers reflect that Plaintiff Robin Parettia Higginbottom filed a "Petition in the Nature of a Bonded Complaint and Judgment by Confession" in state court (Doc. No. 2). The Petition is unintelligible. The papers appear to indicate that Defendant moved to dismiss the case with prejudice

in state court,[1] and now Plaintiff Robin *and* Roger Higginbottom seek removal of the Petition to this court. Moreover, the instant motion to proceed *in forma pauperis* is filed only by Roger Higginbottom, who is not a party to the Petition he seeks to remove.[2]

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed *by the defendant or the defendants* to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).  A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).  The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove.  *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).  When the removing party fails to do so, the case must be remanded.  *Williams*, 269 F.3d at 1321.

As is clear, Plaintiff Robin Higginbottom chose a state forum by filing her action in state court, and *Defendant* does not seek removal here.  The Notice of Removal, filed by Plaintiff and Roger Higginbottom, is thus a nullity.  As the Petition was improvidently removed as a matter of law, the case must be dismissed for lack of subject matter jurisdiction.

---

[1] It is not clear if the state court granted the motion, although Plaintiff has included a document entitled "Petition in the Nature of a Motion to Reconsider Order Motion to Dismiss with Prejudice"(Doc. No. 1-2 at p. 5).

[2] In any event, his affidavit establishes that he is employed and enjoys a regular salary sufficient to disqualify him from pauper status.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy